UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X

EARL SLEDGE,

        Plaintiff,

  -against-

THE CITY OF NEW YORK,
POLICE OFFICER COURTNEY BURNS (TAX 953711),
POLICE OFFICER KAYAN DAWKINS (SHIELD 6674),
AND POLICE SERGEANT CARLOS DELEON
(SHIELD 29738),

        Defendants.

---------------------------------------------------------------------------X

**FIRST AMENDED
COMPLAINT**

JURY TRIAL
DEMANDED

16 CV 8820 (AJN)

   Plaintiff, EARL SLEDGE, by and through his attorneys, **THE LAW OFFICES OF**

**MICHAEL S. LAMONSOFF, PLLC,** as and for his First Amended Complaint, respectfully

alleges, upon information and belief:

## PRELIMINARY STATEMENT

1.  Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees

   pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said

   rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth

   and Fourteenth Amendments to the United States Constitution.

3.  Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

1

## VENUE

4.  Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.  Plaintiff, EARL SLEDGE, is, and has been, at all relevant times, a resident of the City and State of New York.

7.  Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9.  At all times hereinafter mentioned, the individually named defendants, POLICE OFFICER COURTNEY BURNS (Tax 953711), POLICE OFFICER KAYAN DAWKINS (SHIELD 6674), AND POLICE SERGEANT CARLOS DELEON (SHIELD 29738), were duly sworn members of said department and were acting under the supervision of said department and according to their official duties. The individual Defendants are sued herein in their official and individual capacities.  At all times hereinafter mentioned, the individual defendants were assigned to the 52nd Precinct of the NYPD.

2

10.    At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13.    On July 12, 2014, at approximately 9:30 p.m., Plaintiff EARL SLEDGE was lawfully operating his vehicle at or near the intersection of Kingsbridge Road and Jerome Avenue in the County of the Bronx, City and State of New York.

14.    At that time and place, the Defendants arrived on duty and in uniform.

15.    Plaintiff was not engaged in any suspicious or illegal activity.

16.    Despite the absence of any evidence of wrongdoing on the part of the Plaintiff, the Defendants pulled Plaintiff's vehicle over and instructed him to exit his vehicle.

17.    The Plaintiff complied with the Defendants' requests.

18.    Without any legal basis or justification for doing so, the Defendants searched Plaintiff and his vehicle.

19.    The search did not yield evidence of any guns, drugs, or any other illegal activity.

20.    Despite the absence of any evidence of wrongdoing on the part of the Plaintiff, the Defendants placed the Plaintiff in handcuffs and formally arrested him.

21.    At no time on July 12, 2014, did Plaintiff commit any crime or violation of law.

22.   At no time on July 12, 2014, did Defendants possess probable cause to arrest Plaintiff or to order Plaintiff's arrest.

23.   At no time on July 12, 2014, did Defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest Plaintiff.

24.   Nevertheless, Defendants thereafter transported Plaintiff to the stationhouse of a local area precinct.

25.   Plaintiff was held for several hours at the stationhouse before he was transported to Bronx County Central Booking where he was held for several additional hours before he was arraigned on a criminal complaint containing false allegations provided by the Defendants.

26.   Specifically, Defendant Burns provided false statements to the Bronx County District Attorney's office and swore to false allegations that Plaintiff committed the offenses of resisting arrest, obstructing governmental administration, and disorderly conduct.

27.   The allegations are false and the Defendants knew they were false when Defendant Burns made them.

28.   The Defendants provided knowingly false and misleading information to prosecutors at the Bronx County District Attorney's Office.

29.   As a direct result of that false and knowingly misleading information, Plaintiff was falsely charged with the above crimes.

30.   Plaintiff was eventually released from custody but was given a future court date to return.

31.   As a direct result of the Defendants' actions, Plaintiff was required to make several court appearances.

32.   Despite Defendants' unconstitutional actions, all charges against Plaintiff were dismissed in their entirety on February 10, 2016.

33.    As a result of the foregoing, Plaintiff EARL SLEDGE sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

34.    All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

35.    All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. Section 1983.

36.    The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

37.    The acts complained of were carried out by the aforementioned individual Defendants in their capacitates as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

38.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted custom, usage, practice, procedure or rule of respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF FOR
## FALSE ARREST UNDER 42 U.S.C. § 1983

39.   Plaintiff EARL SLEDGE repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

40.   As a result of the Defendants' conduct, Plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

41.   As a result of the foregoing, Plaintiff's liberty was restricted, he was put in fear for his safety, and he was falsely arrested without probable cause.

## SECOND CLAIM FOR RELIEF FOR
## DENIAL OF RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

42.   Plaintiff EARL SLEDGE repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

43.   Defendants fabricated knowingly false material evidence and forwarded said evidence to prosecutors at the Bronx County District Attorney's Office.

44.   As a result, Plaintiff suffered deprivation of his liberty, as he was required to make numerous court appearances to contest the false accusations against him.

45.   As a result of the foregoing, Plaintiff's liberty was restricted, he was put in fear for his safety, and he was detained and falsely arrested, detained, and maliciously prosecuted without probable cause.

**THIRD CLAIM FOR RELIEF FOR
MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983**

46.     Plaintiff, EARL SLEDGE, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

47.     Defendants misrepresented and falsified evidence before the Bronx County District Attorney.

48.     Defendants did not make a complete and full statement of facts to the District Attorney.

49.     Defendants withheld exculpatory evidence from the District Attorney and Grand Jury.

50.     Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

51.     Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

52.     Defendants acted with malice in initiating criminal proceedings against Plaintiff.

53.     Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

54.     Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

55.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

56.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in Plaintiff's favor.

57.     As a result of the foregoing, Plaintiff's liberty was restricted, he was put in fear for his safety, and he was falsely arrested and detained without probable cause.

**FOURTH CLAIM FOR RELIEF**
**FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

58.     Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

59.     Defendants arrested, searched, and incarcerated plaintiff EARL SLEDGE, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize Plaintiff's liberty, well-being, safety, and violate their constitutional rights.

60.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

61.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

62.     Those customs, policies, patterns, and practices include, but are not limited to:

      i.     requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

      ii.     requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

      iii.     failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

      iv.     failing to properly train police officers in the requirements of the United States Constitution.

63. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i.    arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii.    arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

    iii.    falsifying evidence and testimony to support those arrests;

    iv.    falsifying evidence and testimony to cover up police misconduct.

64. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff, EARL SLEDGE.

65. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

66. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

67. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, Plaintiff was placed under arrest unlawfully.

68. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

69. Defendants, collectively and individually, while acting under color of state law, acquiesced in

a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

70.      All of the foregoing acts by defendants deprived Plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendants on each of the foregoing causes of action as follows:

i.      an order awarding compensatory damages in an amount to be determined at trial;

ii.      an order awarding punitive damages in an amount to be determined at trial;

iii.      reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv.      directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated:  New York, New York
        June 23, 2017

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

/s/
By:      JESSICA MASSIMI (JM-2920)
        32 Old Slip, 8th Floor
        New York, New York 10005
        (212) 962-1020

10